IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRELL TURNER, | ) | |
|    Petitioner, | ) | Civil Action No. 7:20-cv-00180 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN STREEVAL, | ) |     United States District Judge |
|    Respondent. | ) | |

**MEMORANDUM OPINION**

Darrell Turner, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, attacking the legality of his conviction and sentence imposed in 2003 in the Northern District of Indiana based on the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He seeks to hold the petition in abeyance pending the completion of proceedings in the Northern District of Indiana. Respondent opposes a stay and argues that the court should dismiss the petition in its entirety for lack of jurisdiction, or, alternatively, on procedural grounds and/or on the merits. Turner has filed a reply to the government's response.

For the reasons set forth herein, the court concludes that a stay is not warranted and denies the motion to hold the petition in abeyance.

I.  BACKGROUND

**A. Procedural History**

Turner filed the petition on March 25, 2020. Five days later he filed the motion to hold the petition in abeyance. (Dkt. No. 3.) Turner then filed two motions to amend the original petition, in which he abandoned his earlier arguments. (Dkt. Nos. 8, 9.) The court granted the motions to amend and ordered that they be consolidated; that the petition be docketed as a single document, designated the amended petition, which superseded the original petition; and that the

1

motion to hold in abeyance be taken under advisement. (Dkt. Nos. 10, 11.) Turner subsequently moved to supplement the amended petition with an additional argument, which motion the court granted and ordered that it be docketed as the supplemental petition, supplementing but not replacing the amended petition. (Dkt. Nos. 13, 14, 15.) Respondent thereafter filed an opposition to the motion to hold in abeyance and to the amended petition, to which Turner replied. (Dkt. Nos. 20, 26.)

**B. Factual Background**

    **1. The "2000 Case"**

On March 9, 2001, Turner pled guilty to a single count of being a fugitive in possession of a firearm, in violation of 18 U.S.C. § 922(g)(2), in Case No. 2:00-cr-71 (the "2000 Case") in the U.S. District Court for the Northern District of Indiana. He was sentenced on June 28, 2001, to twelve months and one day imprisonment, followed by three years of supervised release. Turner did not appeal.

Turner was released from custody and began his term of supervised release in late 2001. However, in 2004 his supervised release was revoked and he was sentenced to twelve months and one day in prison as a result of a 2003 arrest and conviction (the "2003 Case"). The revocation sentence was to run consecutive to the sentence received in the 2003 Case.

On January 27, 2020, Turner filed a writ of coram nobis in the sentencing court in the 2000 Case, arguing that his conviction should be overturned based on the Supreme Court's decision in *Rehaif*. He subsequently filed several additional motions, including one to amend the writ to seek relief pursuant to § 2255 as well as coram nobis. In an Opinion and Order dated September 11, 2020, the sentencing court construed the writ of coram nobis as a motion to vacate pursuant to § 2255, ordered additional briefing on the *Rehaif* issue, and took the matter under

advisement. *See United States v. Turner*, No. 2:00-cr-71, 2020 WL 5512106, at *4, 8 (N.D. Ind. Sept. 11, 2009). The motion to vacate remains pending in the Northern District of Indiana.

### 2. The 2003 case

As noted above, Turner was arrested in the 2003 Case, No. 3:03-cr-22, in the Northern District of Indiana while on supervised release for the 2000 Case. Among other crimes, Turner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The underlying felony giving rise to the felon in possession charge was his conviction in the 2000 Case for being a fugitive in possession of a firearm.

On April 21, 2003, Turner pled guilty to several counts but chose to go to trial on others, including the felon in possession charge. The jury found him guilty of that charge as well as the others. Turner was sentenced to an aggregate 613 months' imprisonment, thirteen months of which was attributed to the felon in possession count.[1] Turner appealed, and, after a limited remand on a *Booker*[2] issue, the Seventh Circuit affirmed the decision below. *United States v. Turner*, 143 F. App'x 713 (7th Cir. 2005).

In December, 2006, Turner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court in the 2003 Case, alleging that both trial counsel and sentencing/appellate counsel provided ineffective assistance. The court found that each of Turner's allegations lacked merit and denied the motion to vacate in its entirety. *Turner v. United States*, No. 3:06-cv-797, 2007 WL 2572120, at *8 (N.D. Ind. Sept. 4, 2007).

---

[1] Turner's sentence was subsequently reduced with respect to the drug counts to which he had pled guilty based on amendments to the United States Sentencing Guidelines. His other sentences remained unchanged. *See United States v. Turner*, No. 3:03-cr-22, 2012 WL 1074265, at *1, 2 (N.D. Ind. Mar. 28, 2012).

[2] *United States v. Booker*, 543 U.S. 220 (2005).

Turner subsequently filed two motions pursuant to Fed. R. Civ. P. 60(d), alleging fraud on the court, in the 2003 Case in the sentencing court. The court found that both were, in actuality, second or successive motions to vacate under § 2255 and denied them as such. *United States v. Turner*, No. 3:03-cr-22, 2011 WL 65779, at *1 (N.D. Ind. Jan. 7, 2011); *United States v. Turner*, No. 3:03-cr-22, 2010 WL 4917071, at *1 (N.D. Ind. Nov. 23, 2010).

**C. Motion**

As noted above, in March 2020, Turner filed a habeas petition, subsequently amended, pursuant to 28 U.S.C. 2241 in this court based on the Supreme Court's decision in *Rehaif* and its applicability to the 2003 Case. He has also filed a motion to hold the amended petition in abeyance, which is presently before the court. Turner asks that this court delay ruling on the amended § 2241 petition pending completion of the proceedings related to his writ of coram nobis, which the sentencing court has construed as a § 2255 motion to vacate, in the 2000 Case in the Northern District of Indiana.

II. DISCUSSION

Turner argues that the amended petition should be held in abeyance until the proceedings in the Northern District of Indiana in the 2000 Case have been completed. (Mot. to Hold in Abeyance 1, Dkt. No. 3.) According to Turner, without the conviction in the 2000 Case, he is actually innocent of the conviction in the 2003 Case at issue in the current amended petition. (Reply 12, Dkt. No. 26) ("Certainly, the invalid earlier conviction is relevant . . . ."). He further argues that "[j]udicial resources must be taken into consideration when adjudicating [a] Petition which could be decided in another proceeding regardless of this honorable courts [sic] decision." (*Id.*) Therefore, he concludes, "[a]beyance is proper in this situation." (*Id.*)

4

Respondent opposes a stay because the proceedings in the Northern District of Indiana relate to a different case (the 2000 Case) than the proceedings in this court, which involve the 2003 Case. (Opp. 9, Dkt. No. 20.) Respondent argues that the conviction in the 2000 Case "remains valid and thus a valid predicate for his 2003 conviction . . . ." (*Id.*)

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court addressed the instances in which stay and abeyance was appropriate. There, the Court faced a situation where a state prisoner pursuing a federal petition for writ of habeas corpus challenging a state conviction presented the federal court with a "mixed petition," that is, a petition containing both exhausted and unexhausted claims. *Id.* at 271.[3] The petitioner sought a stay of the federal petition while he exhausted his state court remedies. *Id.* at 271–72. The Court recognized that "[d]istrict courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion." *Id.* at 276 (internal citations omitted). However, the Court also stated that "stay and abeyance should be available only in limited circumstances." *Id.* at 277.

> Pursuant to *Rhines*, a petitioner must satisfy three requirements to justify a stay. First, the petitioner must present good cause for his or her failure to exhaust. Second, the petition must not be plainly meritless. Third, there must be no indication that petitioner engaged in intentionally dilatory litigation tactics.

*Malvo v. Mathena*, 259 F. Supp. 3d 321, 331 (D. Md. 2017) (citing Rhines, 544 U.S. at 277–78 (internal citations omitted).

In this context, the court interprets the first requirement as requiring good cause for seeking to hold the instant amended petition in abeyance. Turner has not demonstrated good

---

[3] *Rhines* obviously is not on all fours with the instant case. *Rhines* involved a state prisoner faced with the requirement that "state courts must have the first opportunity to decide a petitioner's claims." *Rhines*, 544 U.S. at 273 (citing *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)). Here, of course, there is no such exhaustion requirement. Nonethelesss, the principles enunciated by the Supreme Court in *Rhines* are instructive.

cause. He admits that he "prematurely filed his 2241 in this court." (Mot. to Hold in Abeyance 1); *see also* (*id.*) ("Although he has moved to withdraw motions in [the] Northern Indiana District Court, he also has asked his 2255 be reinstated. For these reasons, the petitioner begs the courts [sic] pardon and asks that his 2241 be held in abeyance.").[4] Further, as respondent states, the amended § 2241 petition and § 2255 motion involve two different cases and convictions and two different courts. (Opp. 9.) The court is not persuaded that holding Turner's amended petition in abeyance is appropriate in these circumstances. Accordingly, the court DENIES Turner's motion to hold the amended petition in abeyance.[5] An appropriate order will be entered.

## CONCLUSION

For the reasons stated, the court will deny Turner's motion to hold the petition in abeyance and will address the petition in due course. An appropriate order will issue this day.

Entered: March 23, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[4] As noted above, the District Court for the Northern District of Indiana has construed Turner's coram nobis petition in the 2000 Case as a motion to vacate pursuant to 28 U.S.C. § 2255. *See United States v. Turner*, 2020 WL 5512106, at *8.

[5] Because Turner has not demonstrated good cause, the court need not address the remaining *Rhines* requirements. *See, e.g.*, *Landeck v. Allen*, No. 3:13CV88, 2014 WL 5410630, at *4 (E.D. Va. Oct. 22, 2014).