IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRELL TURNER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20-cv-00180 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Darrell Turner, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Turner asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his 2003 conviction under 18 U.S.C. § 922(g) is invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (hereinafter "*Jones*") (allowing § 2241 challenge to federal conviction). Respondent has filed a response in opposition, arguing that the petition should be dismissed because the court lacks jurisdiction over it, Turner has procedurally defaulted his claims, and his claims fail on the merits.

For the reasons set forth herein, the court concludes that jurisdiction is lacking over Turner's § 2241 petition. Thus, the court will grant respondent's motion and dismiss the petition without prejudice for lack of jurisdiction. This opinion also addresses Turner's motion to reconsider (Dkt. No. 30), which asks the court to reconsider its prior denial of his motion to stay these proceedings. That motion will be denied.

I.  BACKGROUND

**A.  Procedural History**

    **1.  The "2000 Case"**

On March 9, 2001, Turner pled guilty to a single count of being a fugitive in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(2), in Case No. 2:00-cr-71 (the "2000 Case") in the U.S. District Court for the Northern District of Indiana. He was sentenced on June 28, 2001, to twelve months and one day imprisonment, followed by three years of supervised release. He did not appeal.

Turner was released from custody and began his term of supervised release in late 2001. However, in 2004 his supervised release was revoked, and he was sentenced to twelve months and one day in prison as a result of a 2003 arrest and conviction (the "2003 Case"). The revocation sentence was to run consecutive to the sentence received in the 2003 Case.

On January 27, 2020, Turner filed a writ of coram nobis in the sentencing court in the 2000 Case, arguing that his conviction should be overturned based on the Supreme Court's decision in *Rehaif*. He subsequently filed several additional motions in that case, including one to amend the writ to seek relief pursuant to § 2255 as well as coram nobis. In an opinion and order dated September 11, 2020, the sentencing court construed the writ of coram nobis as a motion to vacate pursuant to § 2255, ordered additional briefing on the *Rehaif* issue, and took the matter under advisement. *See United States v. Turner*, No. 2:00-cr-71, 2020 WL 5512106, at *4, 8 (N.D. Ind. Sept. 11, 2020). The motion to vacate remains pending in the Northern District of Indiana.

**2. The "2003 Case"**

As noted above, Turner was arrested in the 2003 Case, No. 3:03-cr-22-2, in the Northern District of Indiana while on supervised release for the 2000 Case. Among other crimes, Turner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The underlying felony giving rise to the felon-in-possession charge was Turner's conviction in the 2000 Case for being a fugitive in possession of a firearm.

On April 21, 2003, Turner pled guilty to several counts but chose to go to trial on others,

including the felon-in-possession charge. The jury found him guilty of that charge as well as the others. Turner was sentenced to an aggregate 613 months' imprisonment, thirteen months of which was attributed to the felon-in-possession count.[1] Turner appealed, and, after a limited remand on a *Booker*[2] issue, the Seventh Circuit affirmed the decision below. *United States v. Turner*, 143 F. App'x 713 (7th Cir. 2005).

In December 2006, Turner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the 2003 Case, alleging that both trial counsel and sentencing/appellate counsel provided ineffective assistance. The court found that each of Turner's allegations lacked merit and denied the motion to vacate in its entirety. *Turner v. United States*, No. 3:06-cv-797, 2007 WL 2572120, at *8 (N.D. Ind. Sept. 4, 2007). He appealed, but both the district court and the Seventh Circuit denied him a certificate of appealability.

Turner later filed two motions pursuant to Fed. R. Civ. P. 60(d), alleging fraud on the court in the 2003 Case. The court found that both were, in actuality, second or successive motions to vacate under § 2255 and denied them as such. *United States v. Turner*, No. 3:03-cr-22, 2011 WL 65779, at *1 (N.D. Ind. Jan. 7, 2011); *United States v. Turner*, No. 3:03-cr-22, 2010 WL 4917071, at *1 (N.D. Ind. Nov. 23, 2010).[3] Turner has not sought relief in the 2003 Case based on *Rehaif*.

### 3. This Case

Turner filed his habeas petition here, pursuant to 28 U.S.C. § 2241, in March 2020. He was subsequently granted leave to amend and then to supplement his amended petition.

---

[1] Turner's sentence was subsequently reduced with respect to the drug counts to which he had pled guilty based on amendments to the United States Sentencing Guidelines. His other sentences remained unchanged. *See United States v. Turner*, No. 3:03-cr-22, 2012 WL 1074265, at *1, 2 (N.D. Ind. Mar. 28, 2012).

[2] *United States v. Booker*, 543 U.S. 220 (2005).

[3] Turner also filed other post-conviction motions in the 2003 Case, but they have no bearing on his petition here.

Accordingly, his operative petition consists of Docket Nos. 11 and 15. (Dkt. No. 14.) Respondent has filed an answer, in which respondent also seeks dismissal of the petition, (Dkt. No. 20), and Turner has filed a response (Dkt. No. 26).

Shortly after Turner filed his initial petition, he moved to hold this case in abeyance pending the outcome of his § 2255 motion in the 2000 Case raising a *Rehaif* challenge to that conviction (Dkt. No. 3), but the court denied that motion. (Dkt. Nos. 28, 29.) Turner filed a motion for reconsideration, which also is pending before the court. (Dkt. No. 30.)

### B. Turner's *Rehaif* Claim

In his petition, Turner challenges his felon-in-possession conviction, pursuant to 18 U.S.C. § 922(g), in the 2003 Case, which occurred after a jury trial. Section 922(g) makes it unlawful for certain individuals to possess firearms. "The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

Turner asserts that, pursuant to *Rehaif*, "his conviction and sentence must be vacated under structural error analysis." (Pet. 3, Dkt. No. 11.) He claims that his conviction was invalid because: (1) the grand jury was not properly informed of the element that he knew he was a felon at the time he possessed a weapon; (2) the indictment did not include that essential element; (3) the government was not required to prove that element to the jury, and (4) the jury instructions did not include that element. (*Id.* at 3.) He requests "removal of the tainted conviction and

4

sentence." (*Id.* at 4.)[4]

## II. DISCUSSION

**A. Turner's "Motion for Reconsideration" (Dkt. No. 30) Is Moot.**

As noted, the court previously declined to hold this case in abeyance pending a decision in the 2000 Case as to Turner's *Rehaif* challenge. Turner has filed a motion for reconsideration, of that ruling (Dkt. No. 30), but he does not directly challenge the court's reasoning or decision. Indeed, he states that he "finds the judge[']s conclusions of fact and law appropriate." (Dkt. No. 30 at 1.) But he requests a stay on a new basis, noting that the Supreme Court granted the petition for certiorari in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), on which Turner relies to argue that the *Rehaif* error here is "structural." The court thus interprets his motion as requesting a stay pending a decision by the Supreme Court in *Gary*. After Turner filed his motion to reconsider, however, the Supreme Court consolidated *Gary* with another appeal and issued a decision in that case. *Greer v. United States*, 141 S. Ct. 2090 (2021). Accordingly, Turner's new motion to stay (filed as a motion for reconsideration) (Dkt. No. 30) will be denied as moot.

**B. The Court Lacks Jurisdiction Over Turner's § 2241 Petition.**

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or

---

[4] Although Turner states that his sentence is invalid, he does not make any direct claim to invalidate his sentence, so as to implicate *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which sets forth the requirements for challenging a sentence under § 2241. Instead, Turner argues that his sentence must be vacated because his conviction is invalid, not because it suffers from any distinct or separate deficiency. Thus, the court does not construe his petition as raising a direct challenge to his sentence or seeking relief pursuant to *Wheeler*.

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34.

The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy each prong of the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). In this case, Turner's conviction occurred in the Northern District of Indiana, which is within the Seventh Circuit. Thus, Seventh Circuit substantive law governs Turner's petition.

Respondent first notes that he disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and believes that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (Answer 10–12, Dkt. No.

---

[5] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

20.)  Respondent next moves to dismiss the petition based on the court's lack of jurisdiction.  In particular, respondent argues that Turner's § 2241 petition fails to meet the second *Jones* requirement.  (Answer 12–19.)[6]  Respondent also contends that, even if the court had jurisdiction, Turner has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default.  (*Id.* at 19–29.)  Lastly, respondent contends that Turner's claims fail on their merits.  (*Id.* at 29–31.)  In requesting dismissal of Turner's petition, respondent has noted a number of facts which significantly undermine any factual claim that Turner did not know he was a felon when he committed the felon-in-possession offense in the 2003 Case.  These facts, reflected in documents from both the 2000 and 2003 Cases, will be discussed in context below.

As part of the jurisdictional arguments, respondent dedicates large chunks of his briefing to discussing the Fourth Circuit's decision in *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019), and its potential impact on the second requirement of *Jones*.  Respondent argues that *Hahn* improperly—and in contrast to a number of prior Fourth Circuit decisions analyzing § 2241 claims under *Jones*—appears to treat the *Jones* requirements not as jurisdictional, but as if satisfying them entitled a petitioner to relief.  Primarily, respondent argues that *Hahn* "is ambiguous whether a showing that a change in substantive law rendered *this* defendant's conviction non-criminal is a component of *Jones*'s jurisdictional analysis or whether it is a separate merits question." (Answer 12.)  As another court explained, in addressing apparently

---

[6] As to the third *Jones* requirement, Turner's petition is unclear on the issue of whether he is making a statutory claim or a constitutional one.  He claims that *Rehaif* satisfies the *Jones* test because it is a statutory interpretation case which is unreviewable under § 2255 (Pet. 2), and respondent agrees that *Rehaif* itself was a statutory decision (Answer 12).  But his arguments also point to constitutional errors. (Pet. 3 (Sixth Amendment); Dkt. No. 11-1 at 1 (Fifth and Sixth Amendments, as well as references to due process, equal protection, and "autonomy interest" violation and a Rule 11 violation, among others); *see also* Resp. 4–5 (referencing Fifth and Sixth Amendment violations).)  Respondent interprets Turner's arguments as constitutional ones and thus claims that he cannot satisfy the third prong of the *Jones* test. (Answer 12.)  The court does not address the third prong of *Jones*, but instead rests its jurisdictional decision solely on Turner's failure to satisfy the second prong.

similar briefing from respondent before it,

> Respondent submits [that] *Hahn* can be read in two ways: (1) as requiring a district court to assess a petitioner's specific conduct to determine whether it remains criminal under a newly pronounced interpretation of law; or (2) as stating that any change to the substantive boundaries of a criminal offense satisfies the second element of *Jones*, clearing the path for . . . a court to conduct a merits analysis of whether the petitioner's conduct truly was criminal or vacatur of his conviction is appropriate.

*Albritton v. Warden, FCI Petersburg*, No. 1:20CV302, 2021 WL 3432845, at *2 (E.D. Va. Aug. 4, 2021).

*Hahn* involved a change in the law quite different from *Rehaif*. *Rehaif* clarified the mens rea element of a § 922(g) offense (or, as some courts see it, added an element, *see Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022)). By contrast, *Hahn* dealt with a change in Tenth Circuit law that disallowed a charge altogether unless that charge was based on different conduct than the defendant's other charges of conviction. *See generally Hahn* (discussing *United States v. Rentz*, 777 F.3d 1105 (10th Cir. 2015)). The way in which *Hahn* conducted its *Jones* analysis may have flowed in part from that distinction.

In any event, to the extent that some of the language in *Hahn* is inconsistent with prior published panel decisions, the court must follow the earlier precedent. *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2003) (en banc) ("When published panel decisions are in direct conflict on a given issue, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from [the Fourth Circuit] sitting *en banc* or the Supreme Court."). And the court's reading of those prior cases, which has been followed by many district courts in addressing *Rehaif* claims in the context of § 2241, is that *Jones*'s second prong requires an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, asking whether the petitioner still could be convicted of that crime after the change in law. *See Albritton*, 2021 WL 3432845, at *3 (noting the lack of clarity in *Hahn*, but

following cases that have held that a change in the substantive law is itself insufficient to satisfy the second element of *Jones*).[7] *Cf. Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (describing *Jones* as "delineating the circumstances in which § 2241 may be used to pursue" a claim that a defendant is "actually innocent of [an] offense yet procedurally barred from filing a § 2255 motion").

In particular, many district courts within the Fourth Circuit, including several judges of this court, have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal, *see, e.g.*, *Asar v. Travis*, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020) ("being a felon in possession of a firearm remains a valid criminal offense"), *affirmed as modified*, 858 F. App'x 676 (4th Cir. Sept. 20, 2021) (affirming on the reasoning of the district court and citing to the district court's opinion). *See also Albritton*, 2021 WL 3432845, at *3 (concluding petitioner's conduct remained criminal); *Carrucini v. Warden of U.S.P. Lee*, No. 7:19CV00861, 2021 WL 431739, at *4 (W.D. Va. Feb. 8, 2021) (concluding that petitioner's *Rehaif* claim could not proceed under § 2241 because he

---

[7] If the court were to follow the alternative reading of *Hahn*, then Turner's petition would still be denied, albeit on its merits and with prejudice. "For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.''" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The Fourth and Seventh Circuits both have held that a petitioner bears the burden of showing he is entitled to habeas relief and to be entitled to relief, he must show that any error was not "harmless," but had a "substantial and injurious effect" on his conviction. *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013); *Jones v. Basinger*, 635 F.3d 1030, 1052 (7th Cir. 2011). Turner cannot meet this burden.

As the court's analysis in this opinion makes plain, *see generally infra*, Turner does not expressly allege in his petition that he did not know he was a felon at the time of the offense, and the record contains ample evidence from which a jury could have found that he knew he was a felon. Even if the jury had been properly instructed, then, he has not shown a reasonable likelihood of a different result, let alone a "substantial and injurious" effect on his conviction. So even if the court had jurisdiction, Turner would not be entitled to relief. *Cf. Greer*, 141 S. Ct. at 2097 (explaining that to show that a *Rehaif* error affected the "substantial rights" of a defendant who went to trial, the defendant must show that "if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted"); *Neder v. United States*, 527 U.S. 1, 17 (1999) (denying habeas relief where intervening law meant that a jury charge omitted a required element of the offense, where "the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error [because] the erroneous instruction is properly found to be harmless").

9

could not establish the second *Jones* prong); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases holding same), *aff'd*, No. 20-6814, 2021 WL 6101845 (4th Cir. Dec. 22, 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").[8] *But see Moore v. Warden of FCI Edgefield*, __ F. Supp. 3d __, No. 9:20-cv-02089-TLW, 2021 WL 3828828, at *5–8 (D.S.C. Aug. 27, 2021) (disagreeing with the reasoning of decisions cited in the preceding paragraph and concluding that the second *Jones* requirement was satisfied by a similar *Rehaif* challenge, but nonetheless rejecting the claim both (1) because it was procedurally defaulted and the petitioner could not show "cause and prejudice" or that he was "actually innocent," and (2) because his claim would fail on the merits regardless).

Just like the petitioners in many of the cases cited in the preceding paragraph, Turner does not even allege that he did not know he was a felon, let alone provide any evidence to support such an allegation. Turner merely points out that "the government failed to prove" that he knew he was a felon. (Resp. 3, Dkt. No. 26.) And he maintains that if he had known all of the elements the government had to prove, he would not have testified, and he would not have allowed his attorney to "admit guilt," which appears to be a reference to the stipulation that he was a felon, or perhaps a reference to his attorney's opening statement. (*Id.* at 4.) In the opening statement, his trial attorney admitted that Turner sold drugs (counts on which he already had pled guilty), and he stated that Turner believed (correctly) that his domestic violence conviction *prior to the 2000 Case* was a misdemeanor, not that his fugitive-in-possession felony conviction

---

[8] As is evident from the foregoing citations, two of the cases (*Asar* and *Erby*) have been affirmed by the Fourth Circuit, albeit in unpublished, per curiam decisions. *See also Rhodes v. Dobbs*, 858 F. App'x 658 (4th Cir. Sept. 17, 2021) (affirming district court's denial of § 2241 petition for lack of jurisdiction based on a failure to satisfy the second *Jones* prong and finding no reversible error); *Allen v. Dobbs*, 855 F. App'x 162 (4th Cir. Aug. 10, 2021) (same). The Fourth Circuit has not spoken in a published decision on the issue.

(which was the underlying felony for the conviction in the 2003 Case) was a misdemeanor.  (*See* Resp., Ex. F, Dkt. No. 26-1, at 27–30.)

In addition to Turner's failure to allege or offer any proof that he did not know he was a felon, there is ample proof in the record to support the knowledge-of-status element.  On this issue, and although it involved direct appeals rather than a collateral attack, the Supreme Court's decision in *Greer* is instructive.

*Greer* involved consolidated appeals from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020).  In the Eleventh Circuit case, the defendant had gone to trial.  Like Turner did here, Greer had stipulated that he was a felon, and he did not request or receive a jury instruction requiring that the jury find that he knew he was a felon when he possessed a firearm.  Contrary to Turner's argument here, the Court concluded that the error was not a "structural" one.  Instead, it was subject to plain error review, and, to succeed on direct appeal, Greer had to show that, if the district court had correctly instructed the jury on the *mens rea* element, there is a "reasonable probability" that he would have been acquitted.  *Id.* at 2097.

In making that determination, the Court noted that a defendant like *Turner* faces "an uphill climb," reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*; *see also id.* ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)).  The defendants in *Greer* could not meet their burden, and the court's explanation is apt here:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial

11

> that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the *Rehaif* error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty.

*Id.* at 2097–98.

Like Greer, Turner stipulated to being a felon, pursuant to *Old Chief v. United States*, 519 U.S. 172, 191 (1997), which allows a defendant to admit to his felony status, which then precludes the government from offering other evidence to prove the prior conviction to the jury and spares the defendant from having the "name and nature" of his prior felony convictions disclosed to the jury. *United States v. Williams*, 461 F.3d 441, 443 (4th Cir. 2006). And Turner does not dispute that he is, in fact, a felon. As the *Greer* court noted, demonstrating prejudice under *Rehaif* "will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons." *Id.* at 2098 (citation omitted).

Moreover, in Turner's case, there is ample additional evidence showing that he knew he was a felon. First of all, in the proceedings that led to Turner's underlying felony conviction— his conviction in the 2000 Case—he repeatedly stated under oath that he was aware that he was pleading guilty to a felony. As is evidenced from the transcript of the plea colloquy in that case (Plea Tr., Dkt. No. 31-1), he twice testified that he understood he faced a maximum sentence of ten years (*id.* at 34, 45–46), and that fact was contained in his plea agreement, which he and his attorney signed. (Dkt. No. 20-4, Plea Agreement ¶¶ 9(d), (j).) He also testified that he understood if convicted he would be unable to possess a firearm. (Plea Tr. at 50.) At another point in the 2000 Case guilty plea proceeding, when discussing forfeiture of Turner's firearms, the prosecutor explained that if Turner possessed, in the future, either of the firearms that had been seized, "that would be a separate federal crime, because he would be a convicted felon[.]"

12

(*Id.* at 37.)

Further, unlike some defendants who are convicted of a felony, but are not sentenced to more than a year, Turner received a sentence of one year and one day in the 2000 Case. *Cf. United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (noting that there could be a case where a felon did not know he was a felon where, for example, he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, but was sentenced to a term less than a year or to probation). And after he was sentenced, Turner acknowledged the exact length of his sentence in writing to the sentencing judge afterward, calling it a "just sentence." (Dkt. No. 20-7 (signed letter from Turner stating that he had 'recently been sentenced to 12 mos 1 day").).

Additionally, Turner's own testimony during the trial of the 2003 Case clearly shows that he knew he was prohibited from possessing a weapon. In addition to his stipulation that he was a felon, Turner repeatedly admitted to knowing that he would be in trouble if law enforcement found him in possession of a gun and to taking actions, albeit unsuccessful ones, to prevent that from happening. (Dkt. No. 20-12, Trial Tr. at 396–400, 411–13, 418.) For example, he testified that he said to one of the persons shooting guns on his property, "Man, it's going to be my A-S-S, not yours" if guns were found on his property. (*Id.* at 398–99.) On cross-examination, he testified that he was knowledgeable about federal gun laws, and he said he did not want the police to come to his home because "he knew [he] could get into trouble for having the guns." (*Id.* at 411–13; *see also id.* at 418 (testifying that he knew there would be "problems" if law enforcement caught him with a gun).)

Turner now claims that he would not have testified had he known that the government had to prove he had knowledge of his status his knowledge. But even if that is true, the government could have presented the other evidence discussed by the court, which would have

13

been more than sufficient to obtain a conviction.[9]

Based on the foregoing, the court concludes that Turner cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Because jurisdiction over his § 2241 petition is lacking, *see Wheeler,* 886 F.3d at 423, the petition must be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Turner's petition. Accordingly, the court will dismiss the case without prejudice.

Entered: March 11, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[9] Turner's response to the request for dismissal also challenges some of the evidence offered against him at trial by relying on a post-trial deposition in a civil case from a government witness, LaRon Ross (Resp. 8–9 & Exs. A–E, H, X), which Turner apparently also offered as part of a motion to the sentencing court arguing fraud on the court. *See United States v. Turner*, No. 3:03-cr-22, 2011 WL 65779, at *1 (N.D. Ind. Jan. 7, 2011) (discussing Turner's allegations about Ross generally). In summary, he claims that investigating officers and the prosecutor promised Ross his state charges would be dismissed if he testified against Turner, but that the investigator lied about that before the grand jury, and Ross lied to the petit jury, testifying only that he was told he would get "favorable treatment" if he testified. Turner also alleges that the investigators conspired to have Ross sent to jail and assaulted in order to frighten him into testifying. But while Ross offered testimony about Turner possessing a weapon (during a controlled drug purchase), nothing in his response or the materials before the court suggest that Ross offered any testimony about Turner's knowledge of his status as a felon. Upon a review of the record, the court concludes that the evidence presented concerning Ross's allegedly false testimony does not compel a different outcome as to Turner's § 2241 petition.